Thank you, Your Honor. May it please the court, Nicholas Markey on behalf of Petitioner Hector Espino Solorio. Your Honor, this is an appeal from an immigration judge's denial of a motion to terminate and release. The petitioner, Mr. Espino, had lawful permanent status and he was convicted of possession of an extract, cannabinoid extract, of less than a quarter of an ounce. He was placed into removal for those convictions and he was placed before an immigration judge. The petitioner filed a motion to terminate, maintaining that he was not the exception in INA 237, that being that the amount of marijuana was less than 30 grams and was for personal use. The immigration judge went beyond the record of conviction and found that Mr. Espino was in possession of more than 30 ounces because of marijuana that was found in a the police reports to make the finding that it was more than what the statute said and denied the motion to terminate. He then went on to hear the case on the request for cancellation of removal, denied that, as well as a request for remand. Well, actually, the request for remand was the BIA. The BIA affirmed it. The issue in this case, your honor, comes into what approach should have been used. The government before the immigration judge, as well as now, maintained a matter of the nature of applied and the circumstance-specific approach should have been applied in this case. It is our position that based on the records of conviction, the judge should have never gone behind the record of conviction or the Shepard documents to look at the police reports to find additional marijuana. On the face of the conviction, it clearly states that it was possession of a cannabinoid extract less than a quarter of an ounce. That actually computes out to seven grams. There's no question about the amount the immigration judge found and neither party objected to the finding that the cannabinoid extract was marijuana. The immigration judge agreed with the government counsel that the circumstance-specific should be applied and he applied the Desjuan case that said that that approach was applicable for these cases which dealt with the amount of marijuana in the exception of 237. Now it is our position that under this circuit's decision in Medina v. Ashcroft, the categorical approach must be used and that case states that. The reliance on the Desjuan case, in our opinion, is not appropriate because in that case they were attempting to identify the classification of whether the amount of fraud was an aggravated felony. The government maintains that this court should apply Chevron deference because of some ambiguity and therefore the immigration judge was correct in his reliance on Dominguez and those cases cited herein. We maintain that there was no ambiguity in the statute that applies to 237 exception to removability and or the statute or the conviction documents. It's clear from the record that again the conviction record says on its basis 638 AR 638 the crime. There was no need to go beyond that and look behind it. It is our position that the government's position that the court should look at those cases in a way that contradicts Medina. I anticipate the government will say that Medina was an older case and Desjuan came out after that. As to the motion to remand with the BIA, we did at the BIA we asked for remand based on a potential adjustment status to the U.S. citizen petition. The judge in his written decision never addresses adjustment status or eligibility for that option. The BIA says that there was insufficient evidence to remand. I believe that the BIA was incorrect and the fact that the immigration judge did not address that issue. I would reserve two minutes for rebuttal. All right. Mr. Tennyson. Good morning. May it please the court. Robert Tennyson for the government. Let me start off by responding to something that Mr. Marchese said with regard to what the conviction documents actually state about the conviction. If you look at page 628 of the record, it expressly says under count one possession of cannabinoid extract not from a licensed retailer greater than one quarter ounce. Not less than one quarter ounce which means this amount can go as high as you can possibly imagine. I can't believe he would have a bucket of it. If he had gallons of the material, that would fall under the offense. Also, another thing I do want to say is we're not necessarily wedded to having this case decided under Chevron. We think that the statute itself is amenable to interpretation by the court and in a way that reflects the circumstance specific approach. If you find it ambiguous, then the board is reasonable in its position anyway. Let me just go back to your statement on the more than a quarter of an ounce. Yes. Without the specific circumstances being invoked, would that solve the problem? No, it wouldn't because a quarter of an ounce is about, if I can remember correctly, it's around eight grand. Right. It doesn't really get you where you need to go. You need to go to the statute. Right. We have to go to the circumstance specific approach. I think that what Mr. Marchese is saying is that if it's less than that, under the board's prior precedence, you don't even go in that direction. If it is a gram or less, if it's an ounce or less, it's clearly under 30 grams and under the board's precedent, we'd be done. This does open the door to the circumstance specific approach. That is correct. Going back to the circumstance specific approach here, Moncrief and Nijewan both give us a set of benchmarks as to what tips us off as to when a particular statute or a particular language, limiting language or exceptional language, in a statute allows us to apply the circumstance specific approach. I mean, Moncrief right off the bat says, well, if it's not part of the generic offense or the defined federal crime, but it's layered on by the INA instead, that's an indicator that that exception or that limitation may be amenable to the circumstance specific approach. Similarly, if you look at Nijewan itself, it has you look at whether or not that qualifying language invites a circumstance construction. For example, there in Nijewan, you had the fraud or deceit provision, which was the criminal provision. Then you had this limitation over here to the side of $10,000 that would be the sort of thing that you would look into. Similarly, if you look at the very next aggravated felony, I guess what paragraph there of 1101A43N, which has to do with alien smuggling, that provision has this, it refers over to 8 U.S.C. 1324, the alien smuggling statute, specific provisions. Then there's this exception, except for a single offense where it's someone bringing their relatives into the country. Obviously, because that's not in the that would seem to be the kind of case that would, you know, that would invite investigation into the particular facts. And then finally, the third sort of thing you want to look at is whether or not, if you read, if you apply the categorical approach this, right, if you applied this exception categorically, whether it would, I guess, effectively explode, would undermine the underlying, the major provision or would underline, undermine the provision, you know, the purposes for which the statute was, you know, this exception seems to on its face particularly aim at. Now, with this statute, again, with, I guess, 8 U.S.C. 1227A2B1, it is plainly something that's been layered onto the criminal provision. You've got the, you can break this provision in half. There's the first half that has to do with a relation to a, you know, a controlled substance as defined in 21 U.S.C. 802, right? And then there's the second part, which says, other than a single offense involving possession for personal use of, you know, of marijuana, you know, of under 30 grams or less of marijuana, right? So this breaks. And the second provision doesn't refer to a federal statute. It doesn't refer to a generic offense. It doesn't refer to anything. It's something that's layered on by the INA. And that would be, that's an indicator that we're, we are in circumstance-specific territory. Then we go to the second, you know, this second sort of look and see if it invites those kinds of, that kind of analysis. And when we look at it, I mean, the first thing out is it's an exception to this other provision. You have this criminal provision and then you have this exception language. And generally, when you look in the INA, when you have these kinds of provisions that work like this, you are looking at, you know, this is a conviction for blank when you have these other circumstances, when you have this exceptional, you know, when you have this exceptional circumstance. And that seems to be right. If you look at the history of the provision, right, the provision originates in 1981 as a waiver at 12, the removal ground was 1241A11. And that was, you know, the controlled substance, the equivalent of the controlled substance of ground of them, of removability. And then in 1981, they created this waiver for spouses and children of United States citizens, lawful permanent residents. And this waiver provision, specifically LAO, allowed those to avoid deportation if they were, if it was a simple possession for less than 30 grams of marijuana. That provision gets incorporated into, you know, in 1990 as part of IMACT. It becomes part of, it gets sort of scrunched into the reallocation or the redesignation of the various deportation grounds and ultimately into where it is today. But the second thing you want to look at in sort of looking at whether or not this is a, you know, the language invites this kind of construction is you want to look at, you can look at, you know, it starts out with the term a single offense. And that's not something that's going to be apparent on the face of the statute. That's going to be something that you're going to have to find out extraneously. Likewise, in most of the cases, you're going to, you know, whether or not this is a possession for one's own use, that again is going to generally require someone to look into the event. It's not going to be something that's apparent on the face of much of many of these possession statutes. But importantly, it's this language involving. And in some cases, you know, say for, you know, it's the way in which involving relates to the dependent clause. That's the big deal here. Some cases you have involving, for example, marijuana or involving a particular thing or event that's very discreet. And there are instances in which that kind of use of involving would be amenable to the categorical approach. But here you have involving and then you have this full dependent clause of possession for one's own use of 30 grams or less of marijuana. And it's hard to see what that would be other than why involving carries any weight whatsoever if it's not circumstance specific. Because there aren't, I can't think of any sort of paraphernalia or other kinds of convictions that have within their contours, within their boundaries, possession for one, you know, possession of paraphernalia for one's own use for 30 grams or less of marijuana. That just seems bizarre. So that use of the word involving in that circumstance is somewhat determinative. Finally, the provision here, the other thing I'd want to point out, it has to do with if you were to apply it categorically, it would blow up effectively. It would overeat sort of the goal of this provision. It would allow, you know, it would mean that if you have an offense, it's just a possession offense, it doesn't say anything at all about whether or not it's for one's own use. I'd go out the window. If you have, as was pointed out in Cartozo de Flores, most of the statutes at the time it was passed, you know, having an upper limit on the marijuana amount of being 39 grams or less, all of those statutes that sort of trigger upwards from that would go out, you know, would suddenly be wrapped into this provision when that's not what this provision is aimed at. It's aimed at this very simple, simple use of marijuana. I see my time is up. If the court doesn't have any further questions for me, I'm happy to answer them. Otherwise, the government rests. Thank you. It appears not. Thank you, Mr. Tennyson. Well, very briefly, I think the government asked this court to do much more than was required. I think in reliance of Medina in this circuit, Medina applies it categorically. With regards to their argument that, you know, we would, by expanding the definition and looking at language of involvement and things like that, it would necessarily overwhelm the concerns, you know, of the statute and it wouldn't be applicable. And that language kind of comes out in each one. I would say that the court should look at which is more applicable because, as I've stated, Ms. Lyons dealt with fraud and the amount of fraud, whereas dealt with a second subsequent possession charge and the amount of marijuana contained in that charge. And I think that's more applicable. I don't believe that the court has to do some relations to get, you know, to address all these issues. We believe it's clear on the fact. That's all I have to say, Your Honor. I rest. Thank you. Thank both counsel for appearing. Actually, you'd be pleased to know that we can hear you quite well and your arguments came through very nicely. The case just argued, Espino Solorio v. Barr is submitted and we'll hear argument in Resort Properties of America v. Central Florida Investments, Inc.
judges: Hawkins, McKeown, Caldwell